UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                          Case No. 16-50730

PHILLIP J. FAIRNOT,                                Chapter 13

            Debtor.                                  Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION,
BUT PROVIDING LIMITED PROCEDURAL RELIEF**

This case is before the Court on the Debtor's motion entitled "Motion for Reconsideration of Order Denying Fee Application Without Prejudice," filed July 13, 2017 (Docket # 89, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Court's order filed July 11, 2017, entitled "Order Denying Fee Application Without Prejudice, as Premature" (Docket # 87, the "July 11 Order").

The Motion will be denied, for the following reasons.

First, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* LBR 9024-1(a)(3) (E.D. Mich.).

Second, the Court finds that the allegations in the Motion do not establish any valid ground, under Fed. R. Civ. P. 60(b), Fed. R. Bankr. P. 9024, or under any other basis, for relief from the July 11 Order.

Third, the Court adds the following. The Court denied the fee application at issue without prejudice, as premature, because no plan has been confirmed yet in this Chapter 13 case. But the Motion reveals to the Court something that was not obvious from the record before — namely, that the Debtor has no intention of trying to confirm a Chapter 13 plan, or of converting

this case to Chapter 7. Rather, the Motion says that the Debtor wants to voluntarily dismiss this Chapter 13 case, "once the attorney fees are paid from the funds held by the chapter 13 trustee." (Motion ¶ 14; *see generally id.* at ¶¶ 11-14). The Debtor says that he wants to dismiss the case in order to obtain the funds being held by the Trustee, which the Debtor says currently total $52,503.78, "less the sums he may owe" to his attorney, "in order to use the funds to obtain a new residence." (*Id.* at ¶ 13).

The Debtor argues in the Motion that if this case is dismissed *before* the attorney fees of the Debtor's attorney are allowed and paid by the Trustee, the Trustee thereafter cannot pay the allowed attorney fees, but instead must pay all the funds on hand back to the Debtor. (*Id.* at ¶¶ 5, 15). For this proposition, the Debtor cites *Harris v. Viegelahn*, 135 S. Ct. 1829 (2015) and *In re Bateson*, 551 B.R. 807 (Bankr. E.D. Mich. 2016).

The Court disagrees with the Debtor's argument. For the following reasons, the Court concludes that if this Chapter 13 case is dismissed before confirmation of a plan, the Chapter 13 Trustee both can and must pay all allowed administrative claims, including any attorney fee of the Debtor's counsel that the Court approves, before paying any of the funds on hand back to the Debtor. As a result, the Debtor's attorney may file a fee application promptly after the case is dismissed (something that is expressly allowed by the July 11 Order), and to the extent the application is granted, can obtain payment of the allowed fees and expenses from the funds the Trustee has on hand.

When a case is dismissed before a plan is confirmed, the plain language of Bankruptcy Code § 1326(a)(2) makes clear how the Chapter 13 trustee must disburse funds on hand. Section 1326(a) provides, in pertinent part, that:

2

> (a)(1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount . . .
>
>> (A) proposed by the plan to the trustee;
>
> * * *
>
> (2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. . . . **If a plan is not confirmed, the trustee shall return any such payments . . . to the debtor, after deducting any unpaid claim allowed under section 503(b).**

11 U.S.C. § 1326(a) (emphasis added).

As another bankruptcy court has explained:

> In these circumstances, the Chapter 13 trustee is bound by the provisions of the third sentence of § 1326(a)(2) of the Bankruptcy Code, which requires the Chapter 13 trustee to return undistributed plan payments to the debtor if a plan is not confirmed "after deducting any unpaid claim allowed under section 503(b)." Under § 503(b)(2) of the Bankruptcy Code, the administrative expenses allowable under § 503(b) include "compensation and reimbursement awarded under section 330(a)." In a Chapter 13 case, such compensation includes "reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case." 11 U.S.C. § 330(a)(4)(B). Thus, the applicable statutory scheme expressly directs Chapter 13 trustees to return funds on hand to the debtor when (as here) a plan is not confirmed, **but only after payment of the allowed fees of the debtor's attorney.**

*In re Brandon*, 537 B.R. 231, 235 (Bankr. D. Md. 2015) (emphasis added); *see also In re Kirk*, 537 B.R. 856, 860-861 (Bankr. N.D. Ohio 2015) (explaining that "§ 1326(a)(2) expressly dictates the manner in which a chapter 13 trustee should distribute plan payments if a chapter 13 plan is not confirmed prior to dismissal" and that "[p]ursuant to § 1326(a)(2) [the debtor's attorney] may

3

be entitled to payment of his attorney fees prior to disbursement of the undistributed plan payments to the Debtors, but only if the fees constitute a § 503(b) administrative expense claim").

Thus, by the plain language of § 1326(a)(2), when a Chapter 13 case is dismissed before confirmation, the trustee must first pay allowed administrative expenses, including any allowed fees and expenses of the debtor's counsel, before returning any funds on hand to the debtor.

The Court is aware of the United States Supreme Court's decision in *Harris v. Viegelahn*, 135 S. Ct. 1829 (2015), cited by the Debtor. In that case, the Supreme Court addressed whether, after a post-confirmation Chapter 13 case has been converted to Chapter 7, the Chapter 13 trustee may distribute accumulated plan payments to creditors as the Chapter 13 plan requires, or must return them to the debtor. The Supreme Court held that the trustee must return the money to the debtor. *Id.* at 1837. The Court first reasoned that under § 348(f)(1)(A), which governs the effect of conversion from Chapter 13 to another chapter of the Bankruptcy Code, post-petition wages are excluded from the converted Chapter 7 estate and may not be distributed to creditors. So, permitting the terminated Chapter 13 trustee to pay over those same wages to the same creditors in what has become a Chapter 7 case would be inconsistent with Congress's mandate. *Id*.

The Supreme Court also focused on the language of Bankruptcy Code § 348(e):

> That section provides: "Conversion [from Chapter 13 to Chapter 7] terminates the service of [the Chapter 13] trustee." A core service provided by a Chapter 13 trustee is the disbursement of "payments *to creditors*." § 1326(c) (emphasis added). The moment a case is converted from Chapter 13 to Chapter 7, however, the Chapter 13 trustee is stripped of authority to provide that "service." § 348(e).

*Id.* at 1838.

4

16-50730-tjt    Doc 96    Filed 08/02/17    Entered 08/02/17 16:41:43    Page 4 of 7

This Court is persuaded that the decision in *Harris* does not apply to a case like this one, involving a pre-confirmation dismissal. In *Harris*, the case was converted to Chapter 7, and that conversion occurred after confirmation of a Chapter 13 plan. Here, the case is to be dismissed pre-confirmation. In addition, the Court in *Harris* relied on § 348(e), which specifically provides for the termination of the trustee when a case is converted. This case is being dismissed and § 349, which governs dismissals, does not include such language. *Harris* is therefore distinguishable from this case.

Several courts have held that the ruling in *Harris* does not prohibit a chapter 13 trustee from paying administrative expenses when a case is dismissed pre-confirmation. In *Kirk*, 537 B.R. at 859 (footnote omitted), the court noted the difference between the language in § 348 governing conversions and the language in § 349 governing dismissals, and concluded that "[u]nlike a case converted from chapter 13 to chapter 7, which is no longer governed by any chapter 13 provision, certain provisions of chapter 13 — *e.g.*, § 1326(a)(2 ) — statutorily and necessarily apply in a chapter 13 case that has been dismissed but not yet closed."

Likewise, in *In re Wheaton*, 547 B.R. 490 (B.A.P. 1st Cir. 2016), the court held that

> [i]f a case has not been confirmed or converted, the trustee's services are not terminated under § 348(e), and the trustee still has authority to disburse funds pursuant [to] § 1326(a)(2). Thus, a majority of courts have held that the *Harris* holding does not apply in a chapter 13 case that has been dismissed prior to confirmation.

*Id.* at 497 (footnote omitted) (citations omitted) (collecting cases). This Court agrees with the holdings in these cases, and concludes that *Harris* does not apply to the situation in this case.

The Court also has considered the holding in *In re Bateson*, 551 B.R. 807 (Bankr. E.D. Mich. 2016), cited by the Debtor. In that case, the court held that the same rationale the Supreme

5

Court used in *Harris* for a case that is converted after confirmation applies when a Chapter 13 case is dismissed after confirmation. The court reasoned:

> Although the Debtor's case was not converted to Chapter 7, as occurred in *Harris*, the Supreme Court's reasoning is equally applicable to this case. Once the Debtor dismissed her case, "no Chapter 13 provision holds sway." That means that the effect of a Chapter 13 confirmation order is no greater in a dismissed Chapter 13 case than it would be in a converted Chapter 13 case.

*Id.* at 812 (quoting *Harris*, 135 S. Ct. at 1838). The Court concludes that *Bateson* is distinguishable from this case. Here, again, the Court is determining whether *pre*-confirmation plan payments can and must be used to pay allowed administrative claims. Section 1326(a)(2) expressly applies in this situation. By contrast, in *Bateson*, the issue was whether *post*-confirmation payments could be paid to creditors.

The Court is aware that § 349(b)(3) provides that dismissal of a Chapter 13 case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." 11 U.S.C. § 349(b)(3). The Court finds persuasive the cases that have addressed the specific issue in this case, and that harmonize § 349(b)(3) and § 1326(a)(2), giving effect to § 1326(a)(2) as controlling. *See, e.g.*, *Wheaton*, 547 B.R. at 498-99; *In re Hightower*, No. 14-30452-EJC, 2015 WL 5766676, at *5 (Bankr. S.D. Ga. Sept. 30, 2015); *Kirk*, 537 B.R. at 860 (citations omitted) ("[T]his Court finds that the specific directives in § 1326(a)(2) control over the general directive in § 349(b)(3)."); *In re Merovich*, 547 B.R. 643, 648 (Bankr. M.D. Pa. 2016) ("I conclude that § 1326(a)(2) should control the disbursement of funds held by the Chapter 13 Trustee on the pre-confirmation dismissal of the Debtor's case.").

For these reasons, this Court concludes that, at least when a Chapter 13 case is dismissed

6

before a plan is confirmed, the Chapter 13 trustee can and must pay any allowed administrative expenses under § 503(b) before returning any accumulated plan payments to the debtor.

For the reasons stated above, the Court will deny the Debtor's Motion. Consistent with the July 11 Order, the Debtor's attorney may refile his fee application as soon as this case has been dismissed (pre-confirmation), and to the extent the application is granted, the Chapter 13 Trustee may and must pay the fees and expenses to Debtor's counsel from funds on hand, before paying any funds to the Debtor. To insure that the Trustee can and will hold the funds on hand for a reasonable time after dismissal to see what fees and expenses are allowed, the Court will grant the limited relief stated below.

Accordingly,

IT IS ORDERED that the Motion (Docket # 89) is denied.

IT IS FURTHER ORDERED that if and when an order is entered dismissing this Chapter 13 case before confirmation of a plan, the Trustee thereafter must hold all funds on hand until the Court has ruled on any fee application that is filed by the Debtor's attorney, *provided* that the Debtor's attorney files a fee application within 7 days after entry of the dismissal order.

**Signed on August 2, 2017**

/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**